-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT A. THOMAS, 08-A-5415,

          Plaintiff,

                                         DECISION AND ORDER
-v-                                13-CV-303F

MS. K. WASHBURN, Senior Mail Clerk,
Southport Correctional Facility,
MS. BELANDA KRUSEN, Senior Mail Clerk,
Southport Correctional Facility,

          Defendants.



_____

## INTRODUCTION

Plaintiff Robert E. Thomas, an inmate of the Attica Correctional Facility, who was incarcerated at the Southport Correctional Facility ("Southport") at the time of the events alleged in the complaint, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 3.) Plaintiff claims that defendants Wasburn and Krusen, Senior Mail Clerks at Southport, violated his First Amendment and due process rights (Docket No. 1 [Complaint], at p. 1 [referencing First Amendment and Due Process] when they, *inter alia*, opened his inmate mail without authorization, which led to several disciplinary charges[1] being brought against plaintiff and to sanctions including, *e.g.*, time in SHU, loss of mail privileges, confiscation of property and loss of good time. (Docket No. 1 [Complaint] at pp. 4 [first disciplinary hearing], 6 [second disciplinary hearing]).

---

[1]Plaintiff refers in the complaint to *Second* and *Third* misbehavior reports filed by the defendants, which led to the disciplinary hearings and sanctions to which he attempts to raise constitutional challenges. (Docket No. 1, at pp. 4, 6). There is no reference to a *First* misbehavior report, and this may be attributable to the fact that page 3 of the Complaint appears to be missing. See Docket No. 1, p. 3, on which plaintiff has written "[End of Page 2]". On the page which follows (Docket No. 1, p. 4) plaintiff has written "[4]". There is no page of the filed complaint on which plaintiff has written "[3]." If, in fact, page 3 of the complaint was inadvertently omitted when plaintiff submitted the complaint for filing, he may send the Court the missing page.

Plaintiff's request to proceed as a poor person is granted. Before service by the United States Marshals Service will be ordered with respect to plaintiff's claims against the defendants, plaintiff must file with the Court by **September 8, 2014**, a statement wherein he agrees to **either** clearly and unequivocally waive and forfeit any claims related to that portion of the second Superintendent's Hearing Officer's sanctions affecting the length of his imprisonment--*i.e.*, the 18 month loss of good time imposed following the disciplinary hearing held before Hearing Officer Lieutenant Donahue (Docket No. 1 at 6 )--**or**, if he is not willing to waive said claims, consents to the complete withdraw of all due process claims relating to the disciplinary sanctions imposed following the second Superintendent's Hearing. *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). If plaintiff does not agree to waive and forfeit the claim relating to the loss of good time, the Court will direct service only with respect to plaintiff's First Amendment claims, and his due process claims related to the first Superintendent's Hearing.[2]

## STANDARD OF REVIEW

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder*

---

[2]Due process claims related to a disciplinary hearing and the sanctions imposed at the conclusion of such a hearing would ordinarily be appropriately directed at the presiding hearing officer or other corrections officials directly involved in the hearing. Whether a due process claim related to a disciplinary hearing can be appropriately directed at the defendants herein, because they issued the misbehavior reports which led to the hearings, is doubtful, though the Court will allow such claims to proceed against the defendants, subject, with respect to the second disciplinary hearing, to the condition discussed *infra*.

*v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## DISCUSSION

At the conclusion of the second disciplinary hearing described in the complaint (Docket No. 1, p. 6) the Hearing Officer imposed what is commonly referred to as a "mixed sanction"--*i.e.*, the recommended loss of good time, thus potentially affecting the duration of plaintiff's confinement, and other sanctions which affected the conditions of plaintiff's confinement, namely, twenty-four months in SHU (six months suspended; six months deferred), nine months loss of visitation and correspondence privileges and confiscation of property. (*Id.*). In *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir.2006), the Second Circuit held that:

> a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.* In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit.

*Id.,* 467 F.3d at 104 (emphasis in original). *See also Johnson v. McClure,* No. 9:06-CV-0431, 2009 WL 2356147, at * 15 (N.D.N.Y., July 28, 2009) (summarizing *Peralta* as holding that an inmate may file an action for damages under § 1983 arising out of a disciplinary hearing resulting in a mixed sanction *only* if he first agrees to forfeit any claim relating to that portion of the disciplinary sanction challenging the recommended loss of good time--*i.e.*, that part of the sanction effecting the duration of the inmates's imprisonment.) (Report and Recommendation of United States Magistrate Judge David Peebles, confirmed by United States District Judge Glenn T. Suddaby).

Accordingly, before plaintiff's procedural due process claims may proceed with respect to the second disciplinary hearing, he must file with the Court by **September 8, 2014**, a written statement in which he **either** unequivocally waives and forfeits once and for all any claims challenging that portion of the disciplinary sanctions recommending the loss of good time **or** withdraws, in their entirety, any claims challenging all of the disciplinary sanctions imposed by Hearing Officer Lieutenant Donahue. If plaintiff fails to respond to this Order, in writing, as directed by **September 8, 2014**, the procedural due process claims raised in the complaint related to the disciplinary sanctions imposed following the second disciplinary hearing will be dismissed with prejudice and without further order or notice to plaintiff, and the Court will direct service on defendants only with respect to plaintiff's First Amendment claims and due process claims related to the first disciplinary hearing.[3]

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. Service of the summons and complaint upon the defendants will be stayed pending the

---

[3] The Court notes that plaintiff alleges certain violations by the defendants of the New York State Department of Corrections and Community Supervision regulations , 7 NYCRR. Except to the extent that claims of violations of those regulations might constitute a denial of the constitutional rights invoked by the plaintiff, these claims must be dismissed since "a violation of a state . . . regulation, in and of itself, does not give rise to liability under §1983". *See Vigliotti v. Selsky,* 2014 U.S. Dist. LEXIS 51442, at *6 (W.D.N.Y. Apr. 14, 2014) (citing *Nimmons v. Fischer,* 2013 U.S. Dist. LEXIS 118059 (W.D.N.Y. July 30, 2013).

filing with the Court a written statement in which plaintiff **either** unequivocally waives and forfeits once and for all any claims challenging that portion of the second disciplinary sentence (sanction) recommending the loss of good time **or** withdraws, in their entirety, any claims challenging all of the disciplinary sanctions imposed in connection with the second disciplinary sentence.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff must file with the Court by **September 8, 2014**, a written statement in which he **either** unequivocally waives and forfeits once and for all any claims challenging that portion of the second disciplinary sanctions recommending the loss of good time **or** withdraws, in their entirety, any procedural due process claims challenging the disciplinary sanctions imposed by Lieutenant Donahue at the conclusion of the second disciplinary hearing. If plaintiff fails to respond to this Order, in writing, as directed by **September 8, 2014**, the due process claims related to the second disciplinary hearing will be dismissed with prejudice and the Court will direct service of the complaint upon the defendants only with respect to plaintiff's First Amendment claims and the due process claims related to the first disciplinary hearing.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 12, 2014
Rochester, New York