UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT E. THOMAS,

                  Plaintiff,

v.

MS. K. WASHBURN,
MS. BELANDA KRUSEN,
JAMES ESGROW,
MR. LT. DONAHUE,
MR. LT. MacKAY, and
SOUTHPORT CORR. FACILITY,

                  Defendants.
_____

REPORT
and
RECOMMENDATION

13-CV-00303V(F)

APPEARANCES:    ROBERT E. THOMAS, *Pro Se*
                      938 County Rt. 4
                      Ogdensburg, New York 13669

                      ERIC T. SCHNEIDERMAN
                      NEW YORK STATE ATTORNEY GENERAL
                      Attorney for Defendants
                      DAVID J. SLEIGHT
                      Assistant New York State Attorney General, of Counsel
                      350 Main Street, Suite 300A
                      Buffalo, New York 14202

## **JURISDICTION**

      This case was referred to the undersigned by Honorable Richard J. Arcara[1] on March 9, 2015, for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motion to dismiss for failure to state a claim (Dkt. 47), filed March 23, 2017.

---

[1] The case was reassigned to Honorable Lawrence J. Vilardo by Order filed March 8, 2016.

## BACKGROUND and FACTS[2]

On February 7, 2013, Plaintiff Robert E. Thomas ("Plaintiff"), commenced this action in the Northern District of New York, alleging Defendants, employees of New York State Department of Corrections and Community Supervision ("DOCCS") ("Defendants"), violated Plaintiff's rights under the First and Fourteenth Amendments by interfering with Plaintiff's mail, leading to disciplinary charges resulting in sanctions against Plaintiff. The case was transferred to this district on March 27, 2013. On October 9, 2013, Plaintiff filed an Amended Complaint (Dkt. 10), adding as Defendants James Esgrow ("Esgrow"), Mr. Lt. Donahue ("Donahue"), and Mr. Lt. MacKay ("MacKay"), which was consolidated with the Complaint into the Second Amended Complaint (Dkt. 11) ("Second Amended Complaint").

Plaintiff specifically alleges that while incarcerated by the New York State Department of Corrections and Community Supervision at Southport Correctional Facility ("Southport"), his private, non-legal, outgoing mail was, on three separate occasions including June 16, August 17, and August 26, 2011, intercepted and opened, without authorization, by Defendants Washburn and Krusen in violation of Plaintiff's First Amendment Rights. Second Amended Complaint ¶¶ 18-19. Based on the contents of Plaintiff's intercepted outgoing mail, Washburn and Krusen, after each of the three incidents of alleged unlawful interference with Plaintiff's mail, filed an Inmate Misbehavior Report ("Misbehavior Report"),[3] against Plaintiff alleging violations of various prison rules. Disciplinary hearings conducted by Defendants Donahue, Esgrow, and MacKay, were held on each of the three Misbehavior Reports, following which

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.
[3] Dkt. 11 at 17-21.

2

Plaintiff was found guilty and sentenced to incarceration in Southport's Special Housing Unit ("SHU"), and loss of privileges.

On September 6, 2016, the undersigned ordered personal service on Defendant Esgrow by the U.S. Marshal (Dkt. 39). A return of summons filed September 29, 2016 (Dkt. 41), indicates Esgrow was served on September 19, 2016. By Order filed November 16, 2016 (Dkt. 43), District Judge Lawrence J. Vilardo adopted the undersigned's Report and Recommendation filed September 7, 2016 (Dkt. 40), and the action was dismissed as against all Defendants save Esgrow who then had yet to be served.

On March 23, 2017, Defendants moved to dismiss the Second Amended Complaint as against Esgrow (Dkt. 47) ("Defendants' Motion"), attaching the Memorandum of Law in Support of Motion on the Pleadings (Dkt. 47-1) ("Defendants' Memorandum"). By letter filed August 17, 2017 (Dkt. 48) ("August 17, 2017 Letter"), Plaintiff requested an update as to the status of this action, and provided a new address that would be effective as of October 3, 2017. Because the return address on the envelope in which Plaintiff mailed the letter indicated Plaintiff was then housed at Five Points Correctional Facility ("Five Points"), in Romulus, New York, Plaintiff's address in the court's Case Management/Electronic Court Filing system ("CM/ECF"), was updated to reflect Plaintiff's then current address at Five Points, but CM/ECF was not further updated to show Plaintiff's address after October 3, 2017 as Plaintiff indicated in the August 17, 2017 Letter.

An Order filed November 2, 2017 (Dkt. 49), established November 27, 2017 as Plaintiff's deadline to file a response opposing Defendants' Motion, and December 11,

2017 for Defendants to file any reply. When the Order was returned as undeliverable to Plaintiff, it was resent to Plaintiff at both Five Points, as well as at Southport, but on November 27, 2017, the Order was again returned as undeliverable to Plaintiff at either address.

On January 17, 2018, it was discovered that Plaintiff's address on CM/ECF was erroneous, and the address was then updated to reflect the address for Plaintiff after October 3, 2017, as stated in the August 17, 2017 Letter. Also on January 17, 2018, a further Order was entered (Dkt. 53), setting February 9, 2018 as Plaintiff's deadline to respond in opposition to Defendants' Motion, with February 23, 2018 as Defendants' deadline to file any reply. The Order was served by U.S. Mail at Plaintiff's new address and has not been returned as undeliverable. To date, Plaintiff has not filed any response, nor have Defendants filed any reply.

Based on the following, Defendants' Motion (Dkt. 47) should be GRANTED.

## DISCUSSION

**1.    Motion to Dismiss**

A complaint, to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at

4

678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

The "plausibility standard" applicable to a Rule 12(b)(6) motion to dismiss "is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Twombly*, 550 U.S. at 544 (2007), and quoting *Iqbal*, 566 U.S. at 678). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), "a court may consider the complaint as well as 'any written instrument attached to [the complaint][4] as an exhibit or any statements of documents incorporated in it by reference. *Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc.*, 742 F.3d 42, 44 n. 1 (2d Cir. 2014) (quoting *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001)). A court may also consider "matters of which judicial notice may be taken, [and] documents either in plaintiff's possession or of which plaintiffs had

---

[4] Unless otherwise indicated, all bracketed material has been added.

knowledge and relied on in bringing suit.'" *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

**2.    28 U.S.C. § 1983**

Plaintiff's claims seeks damages for alleged violations of constitutional rights pursuant to 42 U.S.C. § 1983 ("§ 1983"), which imposes civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws of the United States.  Section 1983, however, is not itself a source of substantive rights but, instead, provides the mechanism by which a plaintiff may seek vindication of federal rights elsewhere conferred.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  Here, the federal rights the alleged violation of which Plaintiff seeks relief include the First and Fourteenth Amendments.  Furthermore, as a prerequisite to relief under § 1983, a plaintiff must establish the defendant was personally involved in the alleged deprivation.  *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) ("To establish a section 1983 claim, 'a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity.'" (quoting *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004))).

   **A.    First Amendment**

The First Amendment protects a prison inmate's right to the free flow of incoming and outgoing mail.  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citing cases).  To establish a First Amendment violation, an inmate must show the interference with his mail was both regular and unjustified.  *Id.*  "Restrictions on prisoners' mail are justified only if they 'further[ ] one or more of the substantial governmental interests of security,

6

order, and rehabilitation . . . [and] must be no greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Id.* (quoting *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986) (internal citations and quotation marks omitted)).  Isolated incidents of mail tampering generally are insufficient to establish a First Amendment violation unless "(1) [ ] the incidents suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) [ ] the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id.* (citing *Washington*, 782 F.3d at 1139).

In the instant case, the Second Amended Complaint is completely devoid of any allegation that, even liberally construed, remotely suggests Defendant Esgrow was personally involved in the three alleged inspections of Plaintiff's out-going, non-legal mail.  Accordingly, the Second Amended Complaint fails to state a claim of mail interference in violation of the First Amendment as against Esgrow.

### B.    Fourteenth Amendment Due Process

With respect to Plaintiff's Fourteenth Amendment due process claim against Defendant Esgrow failed to fulfill his disciplinary hearing officer duties by simply assuming Plaintiff was guilty as charged in the First Misbehavior Report[5] and sentencing Plaintiff to SHU.  Second Amended Complaint (Dkt. 11) at 39-40.  Plaintiff's allegations against Esgrow are limited to the First Misbehavior Report filed in connection with the alleged June 16, 2011 unlawful confiscation of Plaintiff's mail. *Id.* at 4.

---

[5] Dkt. 11 at 17.

7

According to the First Misbehavior Report, on June 16, 2011, Plaintiff submitted as outgoing mail two envelopes that were returned to the Mail Room and opened. The first envelope ("first envelope"), was addressed to one Brandy Thomas ("Brandy"), and contained three pages of written material, the first of which, based on its contents, was intended for Brandy, but the second two which were intended for "Jessica." At the top of the page intended for Brandy was a notation requesting Brandy "please give this letter to your sister." Because inmates are not permitted to enclose in a mailing envelope any material intended for anyone other than the envelope's addressee, the first envelope was considered to violate several prison regulations.

The second envelope was address to Kristina Thomas ("Kristina"), who was determined to be listed in Southport's visitor's log as "Kristina Petrie." Plaintiff requested Kristina send $ 50 to one A. Ortiz, stating that on the 1st and 20th of each month, Plaintiff would tell Kristina to whom $ 50 should be sent, and also requested between $ 75 and $ 100 be sent to one Freddy Pica ("Pica"), who was then also incarcerated at Southport. Plaintiff further directed to Kristina that the return address on the requested mailing to Pica should be different than Kristina's return address. Because inmates are not permitted to solicit others to send money on their behalf, to exchange funds, or to use their correspondence privileges to circumvent the correctional facility's rules and regulations, the second envelope was also considered to violate several prison regulations. According to a notation at the bottom of the First Misbehavior Report, "[a] handwriting sample was obtained and secured with the envelopes and contents as evidence in the General Contraband locker.

The Second Amended Complaint, liberally construed, failed to state any facts to support a determination that Esgrow, in connection with Plaintiff's disciplinary hearing on the First Misbehavior Report, violated any procedural right of Plaintiff such as the right to fair notice of the charge, an opportunity to call witnesses or to receive inmate assistance, to receive notice of the evidence on which Esgrow relied in concluding Plaintiff was guilty as charged, the reasons for the disciplinary action, and support for finding Plaintiff guilty upon "some evidence in the record." *Walpole v. Hill*, 472 U.S. 445, 454 (1985) (setting forth the evidence and process a prison inmate must receive for a fair disciplinary hearing). Because the Second Amended Complaint fails to allege any facts meeting *Iqbal*'s plausibility requirements as to Plaintiff's Due Process claim, Defendants' Motion should be GRANTED against Defendant Esgrow.

### C. Timeliness

Alternatively, Plaintiff's due process claim against Defendant Esgrow should also be dismissed as time-barred. In particular, although the Second Amended Complaint does not specify the date of Plaintiff's disciplinary hearing on the First Misbehavior Report, based on its June 16, 2011 date, and assuming the hearing was conducted within fourteen days as required, 7 N.Y.C.R.R. § 251-5.1 (b) ("The disciplinary hearing or superintendent's hearing must be completed within 14 days following the writing of the misbehavior report . . . ."), the filing of the Second Amended Complaint on October 9, 2014, was more than three years after the assumed hearing date of June 30, 2011. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (§ 1983 action subject to three-year statute of limitations accruing when the plaintiff first becomes, or should become aware of the violation of the constitutional right sought to be enforced).

Accordingly, Plaintiff's Fourteenth Amendment due process claim against Defendant Esgrow is time-barred.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion (Dkt. 47), should be GRANTED; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 1st, 2018
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 1st, 2018
         Buffalo, New York